UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR BATISTA,

                                    Plaintiff,

                -against-                              1:20-CV-5733 (LLS)

ORANGE COUNTY DEPARTMENT OF                          ORDER TO AMEND
MENTAL HEALTH; ORANGE COUNTY
JAIL,

                                    Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who appears to be a convicted federal prisoner currently incarcerated in the

Orange County Jail, brings this *pro se* action seeking damages and his transfer to a federal

correctional facility. He sues the Orange County Department of Mental Health and the Orange

County Jail under 42 U.S.C. § 1983. The Court construes Plaintiff's claims for damages as

brought under § 1983, and his claim in which he seeks a transfer to a federal correctional facility

as a claim for *habeas corpus* relief under 28 U.S.C. § 2241. By order dated September 16, 2020,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

                                    **STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

        [1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff makes the following allegations: On April 2, 2020, in the Orange County Jail, Plaintiff stated to a mental health clinician that he was "having severe difficulty adjusting mentally," and he asked the clinician if he could "speak with someone better qualified to assist [him] and possibly make a diagnosis." (ECF 1, at 3.) The clinician told Plaintiff "that there was nothing that mental health can do to help [him] because [Plaintiff had] never seen a mental health doctor on the streets . . . ." (*Id.*) Plaintiff then told that clinician that he had been "incarcerated for 20 months and [that he] received a[n] 11 year sentence in federal prison and that all these things have been playing a part in [his] mental health deteriorating . . . ." (*Id.*) The clinician again told Plaintiff that there was nothing that the jail staff could do to help him.

Plaintiff then spoke to his attorney, who filed "a motion for compassionate release and for mental health . . . ." (*Id.*) "[T]he Judge recommend[ed] [that Plaintiff] be seen [b]y a doctor and Orange County Mental Health s[ai]d they can[']t help [him] so [Plaintiff's attorney got in] contact [with] the [United States Marshals Service] and the [Federal] Bureau of Prisons."[2] (*Id.* at 3-4.)

---

[2] Plaintiff has attached to his complaint a copy of a June 16, 2020 letter that his attorney wrote to the Orange County Jail's corrections administrator. (ECF 1, at 14.) The attorney refers to an opinion and order of District Judge John F. Keenan of this Court that the attorney characterized as "includ[ing] a recommendation . . . 'that the Federal Bureau of Prisons and/or the Orange County Jail assess [Plaintiff's] mental health and provide him with professional counseling or other mental health services as appropriate.'" (*Id.*) In the letter, Plaintiff's attorney requests a mental-health assessment of Plaintiff and appropriate mental-health services for him. (*Id.*)

The Court notes that in an opinion and order dated June 16, 2020, Judge Keenan noted that Plaintiff was incarcerated in the Orange County Jail "while he awaits transfer to a Federal Bureau of Prisons . . . facility, due to [his] underlying physical and mental health issues and the Coronavirus . . . ." *United States v. Batista*, ECF 7:19-CR-0002, 62, at 1 (S.D.N.Y. June 16, 2020). Judge Keenan recommended that "the Federal Bureau of Prisons and/or Orange County Jail assess [Plaintiff's] mental health and provide him with professional counseling or other mental health services." (*Id.* at 12.)

Plaintiff requests a "transfer to a federal facility that is able to accom[mo]date [his] mental health needs." (*Id.* at 6.) He also seeks "to be compensated for having to live under these harsh conditions for 8 months without treatment." (*Id.*)

## DISCUSSION

### A.   *Habeas corpus* relief

The Court understands Plaintiff's claim in which he seeks a transfer to a federal correctional facility as a claim for *habeas corpus* relief under 28 U.S.C. § 2241 in which Plaintiff, a convicted federal prisoner, challenges the execution of his federal sentence. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.'") (citation omitted). Under § 2241, a federal district court has jurisdiction to consider claims for *habeas corpus* relief that are brought by a person in custody for, among other reasons, "an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States," or by a person in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(2), (3). But the United States Court of Appeals for the Second Circuit has cautioned against construing a mislabeled submission as a § 2241 petition in light of the possible application of the "second or successive" provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C.

---

Plaintiff has also attached to his complaint a copy of a forensic psychological evaluation of him that was issued on December 1, 2019, after he was examined on October 9, 2019 – all before the June 16, 2020 request. (*Id.* at 15-29.) He further attaches a May 13, 2020 letter issued by the Orange County Department of Mental Health to Plaintiff's attorney – again, before the June 16, 2020 request – that states that Plaintiff "was assessed and screened out for psychiatric services," and that he "receives supportive counseling and was recommended for addiction services." (*Id.* at 32.)

§ 2244(b)(3)(A); district courts must normally give a *pro se* litigant notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).

"The proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "[L]ongstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Id.* at 435.

The Second Circuit has made clear that a federal prisoner bringing a § 2241 pleading challenging the execution of his sentence must exhaust the available administrative remedies before filing his pleading. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). Failure to exhaust is a procedural default that will be excused upon a showing of cause and prejudice. *See id.* at 630, 633-34. A court may also excuse a litigant's failure to exhaust when: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) [an] administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks and citation omitted).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a litigant to specify all his available grounds for *habeas corpus* relief, setting forth the facts supporting each of the specified grounds, and stating the relief requested. The litigant's pleading must permit the Court and the respondent to comprehend both the litigant's grounds for *habeas corpus* relief and the underlying facts and legal theory supporting each ground so that the

issues presented in the pleading may be adjudicated. This rule may be applied to claims for *habeas corpus* relief under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court construes Plaintiff's claim for a transfer as one for *habeas corpus* relief under § 2241. But Plaintiff has not named the proper party for this claim – the Warden of the Orange County Jail – as a respondent or defendant in this action. He has also failed to show that he exhausted his available administrative remedies with respect to his grounds for *habeas corpus* relief before bringing this claim, or why his failure to exhaust those remedies should be excused. It is also unclear whether he has asserted in his complaint all his grounds for *habeas corpus* relief or included all relevant facts supporting those grounds.

Accordingly, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to either (1) withdraw his claim for *habeas corpus* relief under § 2241, or (2) file an amended complaint in which he (a) names the Warden of the Orange County Jail as a respondent or defendant, (b) shows that he has exhausted his available administrative remedies with respect to his grounds for *habeas corpus* relief or why such exhaustion should be excused, and (c) list all his grounds for *habeas corpus* relief and all relevant facts supporting those grounds.

**B.      Claims under 42 U.S.C. § 1983**

**1.      Orange County Jail**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Orange County Jail. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48- 49 (1988). The Orange County Jail is not a "person" for the purpose of § 1983. *See Mercado v. Town of Goshen*, No. 20-CV-5399, 2020 WL 5210949, at *3 (S.D.N.Y. Aug. 28, 2020) ("The

Orange County Correctional Facility is not a 'person' within the meaning of § 1983."). The Court therefore dismisses Plaintiff's claims under § 1983 against the Orange County Jail for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Orange County Department of Mental Health

The Court must also dismiss Plaintiff's claims against the Orange County Department of Mental Health ("OCDMH") because municipal (including county) departments, such as OCDMH, do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."); *McNeil v. City of New York, NYPD*, No. 13-CV-4579, 2013 WL 4761142, at *2 (S.D.N.Y. Sept. 3, 2013) (the New York City Department of Mental Health and Hygiene is not a suable entity). The Court therefore dismisses Plaintiff's claims against OCDMH, *see* §1915(e)(2)(B)(ii), and construes them as brought against the County of Orange.

When a plaintiff sues a municipality, such as the County of Orange, under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692

(1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a
§ 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a
municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the
violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d
Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the County of
Orange has caused violations of his federal constitutional rights. The Court grants Plaintiff leave
to file an amended complaint in which he names the County of Orange as a defendant and
alleges facts showing that a policy, custom, or practice of the County of Orange caused a
violation of his federal constitutional rights.

### 3.      Individual defendants

To state a claim under § 1983, a plaintiff must allege facts showing an individual's direct
and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State
Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865,
873 (2d Cir. 1995)). An individual may not be held liable under § 1983 solely because the
individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S.
at 676 ("Government officials may not be held liable for the unconstitutional conduct of their
subordinates under a theory of *respondeat superior*."). An individual can be personally involved
in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy or custom under
> which unconstitutional practices occurred, or allowed the continuance of such a
> policy or custom, (4) the defendant was grossly negligent in supervising
> subordinates who committed the wrongful acts, or (5) the defendant exhibited

deliberate indifference to the rights of [the plaintiff] by failing to act on
information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[3]

Plaintiff alleges that an Orange County Jail mental health clinician denied him mental-health treatment, but he names no individuals as defendants in his complaint. The Court grants Plaintiff leave to file an amended complaint in which he names those individuals who violated his constitutional rights as defendants, and alleges facts that show those defendants' personal involvement in those violations.

### 4.    Failure to provide mental-health treatment

It appears that Plaintiff is attempting to assert claims under § 1983 that Orange County Jail officials violated his right under the Eighth Amendment by failing to provide him with adequate mental-health treatment. A prisoner asserting such a claim must allege facts showing that an official was deliberately indifferent to his serious medical or mental-health needs. *See Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Darnell v. Pineiro*, 849 F.3d 17, 31-35 (2d Cir. 2017). Deliberate indifference is evaluated under a two-pronged test comprised of both objective and "mental-element" components. *See Darnell*, 849 F.3d at 30-33; *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). For the objective component, it is necessary that the prisoner is or was suffering from a sufficiently serious medical or mental-health condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell*, 849 F.3d at 30 ("Under . . . the Eighth . . . Amendment[], to establish an

---

[3] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'") (citations omitted).

For the mental-element component, a convicted prisoner must show that a correction official "knows of and disregards an excessive risk to [the prisoner's] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Allegations of malpractice or the negligent failure to provide adequate medical or mental-health care do not state a constitutional claim. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

If Plaintiff asserts claims in his amended complaint under § 1983 that individual Orange County Jail officials violated his right under the Eighth Amendment by failing to provide him with adequate mental-health treatment, he must allege facts showing that those individuals were deliberately indifferent to his serious mental-health needs.

## C.   Leave to amend

The Court grants Plaintiff leave to file an amended complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim of his amended complaint those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The

naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of

limitations period governing this action and Plaintiff shall be responsible for ascertaining the true

identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the

identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period

expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period

has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil

Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the

relevant facts supporting each claim against each defendant named in the amended complaint.

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest

extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[5] For example, a "John Doe" or "Jane Doe" defendant may be identified as: "Correction Officer John Doe #1, on duty on August 31, 2020, in the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 against the Orange County Department of Mental Health and the Orange County Jail for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:20-CV-5733 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss Plaintiff's claim for *habeas corpus* relief without prejudice, and his claims under § 1983 for failure to state a claim on which relief may be granted.

SO ORDERED.

Dated:    September 24, 2020
          New York, New York

                                        Louis L. Stanton
                                        Louis L. Stanton
                                        U.S.D.J.