UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
HECTOR BATISTA,
                                  Plaintiff,
        -against-                                              7:20-CV-5733 (NSR)

ORANGE COUNTY DEPARTMENT OF                                    ORDER OF SERVICE
MENTAL HEALTH; ORANGE COUNTY
JAIL,
                                  Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2020

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, a convicted federal prisoner who is currently incarcerated in the Orange County Jail, brings this *pro se* action alleging that the defendants have violated his federal constitutional rights. He sues the Orange County Department of Mental Health and the Orange County Jail. He seeks unspecified damages as well as "a transfer to a federal facility that is able to accom[mo]date [his] mental health needs." (ECF 8, at 5.) The Court construes Plaintiff's claims for damages as brought under 42 U.S.C. § 1983 and state law, and his claim for a transfer as one for *habeas corpus* relief under 28 U.S.C. § 2241. By order dated September 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      For the reasons discussed below, the Court dismisses Plaintiff's claims against the Orange County Jail and the Orange County Department of Mental Health. The Court also directs the Clerk of Court to add the County of Orange, the Warden of the Orange County Jail, and Orange

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

County Jail mental-health clinician Clarise Williams as defendants. And the Court directs service on the County, the Warden, and Williams.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### A.   The Orange County Jail

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the Orange County Jail. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Orange County Jail is not a "person" for the purpose of § 1983. *See Mercado v. Town of Goshen*, No. 20-CV-5399, 2020 WL 5210949, at *3 (S.D.N.Y. Aug. 28, 2020) ("The Orange County Correctional Facility is not a 'person' within the meaning of § 1983."). The Court

therefore dismisses Plaintiff's claims under § 1983 against the Orange County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.	The Orange County Department of Mental Health**

The Court must also dismiss Plaintiff's claims against the Orange County Department of Mental Health ("OCDMH") because municipal (including county) departments, such as OCDMH, do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."); *McNeil v. City of New York, NYPD*, No. 13-CV-4579, 2013 WL 4761142, at *2 (S.D.N.Y. Sept. 3, 2013) (the New York City Department of Mental Health and Hygiene is not a suable entity). The Court therefore dismisses Plaintiff's claims against OCDMH. *See* §1915(e)(2)(B)(ii).

**C.	The County of Orange, the Warden of the Orange County Jail, and Clarise Williams**

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Thus, under Rule 21, courts have substituted as defendants municipalities for their agencies. *See, e.g.*, *Andradez v. Orange Cnty. Sheriff's Office*, No. 20-CV-2050, 2020 WL 3618410, at *2-3 (S.D.N.Y. July 1, 2020) (dismissing the plaintiff's claims against the Orange County Sheriff's Office and the Orange County Jail, and substituting them with the County of Orange).

For claims for *habeas corpus* relief under § 2241, "[t]he proper respondent . . . is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242) (alteration in original). "[L]ongstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Id.* at 435. Accordingly, under Rule 21, a court can add the proper respondent for claims for *habeas corpus* relief when a litigant who seeks such relief has failed to do so. *See Johnson v. New York*, No. 17-CV-4948, 2019 WL 3409493, at *3 (E.D.N.Y. July 29, 2019).

To state a claim under § 1983, a plaintiff must allege facts showing an individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). And under Rule 21, courts have added an individual as a defendant in an action for claims under § 1983, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

In light of Plaintiff's *pro se* status and clear intention to assert claims (1) against the County of Orange; (2) for *habeas corpus* relief under § 2241 against the Warden of the Orange County Jail; and (3) under § 1983 against Clarise Williams, an Orange County Jail mental-health clinician, arising from her alleged refusal to provide Plaintiff with mental-health treatment (*see* ECF 8, at 3-5); the Court construes Plaintiff's amended complaint as asserting claims against the County of Orange, the Warden of the Orange County Jail, and Williams, and directs the Clerk of

Court to amend the caption of this action to add the County of Orange and the two individuals as defendants to this action. *See* Fed. R. Civ. P. 21. These amendments are without prejudice to any defenses the County of Orange, the Warden of the Orange County Jail, or Williams may wish to assert.

**D.     Service on the County of Orange, the Warden of the Orange County Jail, and Williams**

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the County of Orange, the Warden of the Orange County Jail, and Williams, until the Court reviewed the amended complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve the County of Orange, the Warden of the Orange County Jail, and Williams until 90 days after the date that summonses are issued for those defendants. If the amended complaint is not served on the County of Orange, the Warden of the Orange County Jail, or Williams within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals'

failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the amended complaint on the County of Orange, the Warden of the Orange County Jail, and Williams, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for the County of Orange, the Warden of the Orange County Jail, and Williams, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service of the amended complaint on those defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Orange County Department of Mental Health and the Orange County Jail. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to add the County of Orange, the Warden of the Orange County Jail, and Clarise Williams as defendants in this action. Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to (1) issue summonses for the County of Orange, the Warden of the Orange County Jail, and Williams, (2) complete USM-285 forms with the service addresses for those defendants, and (3) deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 23, 2020
       White Plains, New York

                                          NELSON S. ROMÁN
                                          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. The County of Orange
   Law Department
   255-275 Main Street
   Goshen, New York 10924

2. Warden
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924

3. Clarise Williams
   Mental Health Clinician
   Orange County Jail
   110 Wells Farm Road
   Goshen, New York 10924