UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/28/2022__
```

HECTOR BATISTA,

                        Plaintiff,

   -against-

COUNTY OF ORANGE; WARDEN OF THE
ORANGE COUNTY JAIL; and CLARISE
WILLIAMS,

                        Defendants.

No. 20-CV-5733 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Hector Batista ("Plaintiff"), proceeding *pro se*, commenced this action on July 22, 2020.  (ECF No. 1.)  Plaintiff, a federal detainee who was incarcerated at the Orange County Correctional Facility ("Orange County Jail") during the relevant period of April 2, 2020, alleges Defendants the County of Orange, the Warden of the Orange County Jail, and Clarise Williams violated his federal constitutional rights when they denied his requests for mental health treatment. (*See* "Am. Compl." ECF No. 8.)  Plaintiff seeks unspecified damages as well as a transfer to a federal facility that can accommodate his mental health needs.  (*Id.*)  The Court construes Plaintiff's claims for damages as brought under 42 U.S.C. § 1983 and state law, and his request for a transfer of facilities as one for *habeas corpus* relief under 28 U.S.C. § 2241.  Before the Court is Defendants' unopposed motion to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 29.)

For the following reasons, Defendants' motion to dismiss is granted.

## BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint and are assumed as

true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is a federal inmate who was incarcerated at the Orange County Jail.[1] (Am. Compl. at 2.) Plaintiff alleges that on April 2, 2020, he spoke to Defendant Clarise Williams ("Williams"), a mental health clinician at the Orange County Jail, and requested mental health treatment. (*Id.* at 4.) Plaintiff was told by Williams that "there is nothing that [the] mental health [clinic] can do to help [him] because [he has] never seen a mental health doctor" prior to incarceration. (*Id.*) Plaintiff alleges he had "severe difficulty adjusting mentally" to incarceration and that his mental health was "deteriorating." (*Id.*) Williams repeated that the clinic cannot assist him. (*Id.*) Plaintiff contacted his attorney who filed a motion for compassionate release and for mental health treatment on his behalf. (*Id.*) Plaintiff's attorney sent to the Orange County Jail the court's recommendation that Plaintiff be seen by a doctor, but the Orange County Jail mental health clinic still denied treatment. (*Id.*)

Plaintiff commenced the instant action on July 22, 2020 alleging violations of his federal constitutional rights. (ECF No. 1.) On September 24, 2020, the Honorable Louis L. Stanton dismissed Plaintiff's claims for failure to state a claim and granted Plaintiff leave to file an Amended Complaint. (ECF No. 7.) On October 6, 2020, Plaintiff's Amended Complaint, dated September 29, 2020, was filed against the Orange County Department of Mental Health and the Orange County Jail, in which Plaintiff requested a transfer to a different federal correctional facility that can provide him with mental health treatment and sought compensation for Defendants' denial of treatment for ten months. (Am. Compl. at 5.) On November 23, 2020, this Court dismissed Plaintiff's claims against the Orange County Department of Mental Health and the Orange County Jail and substituted the County of Orange, the Warden of the Orange County

---

[1] Plaintiff was incarcerated at the Orange County Jail on the date of his Amended Complaint on September 29, 2020. (Am. Compl. at 2.) Defendants represent that Plaintiff has since been transferred to FCI Loretto. (ECF No. 29 at 3.)

Jail, and Clarise Williams as Defendants in the instant action.  (ECF No. 10.)  On March 29, 2021, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 26.)[2]  Plaintiff did not file an opposition to the motion.  (*See* ECF No. 31.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.

Where a motion to dismiss is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency."  *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).  While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest."  *Harris v. City of*

---

[2] Defendants also filed a duplicate motion on May 17, 2021.  (ECF No. 27.)

*New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted).  Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

## DISCUSSION

Construing the Amended Complaint liberally, Plaintiff appears to be asserting claims under 42 U.S.C. § 1983 ("Section 1983") and state law, and requesting *habeas corpus* relief under 28 U.S.C. § 2241.  (*See* Am. Compl.)  Defendants seek to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (i) Plaintiff's request for *habeas corpus* relief is moot; (ii) Plaintiff's has not stated a *Monell* claim; (iii) Plaintiff fails to state a claim for deliberate indifference; (iv) Plaintiff's claims are barred by the Prison Litigation Reform Act; and (v) this Court lacks subject matter jurisdiction over Plaintiff's state law claims.  ("Defs. Mot.", ECF No. 29.)

### I.      Section 1983 Claim

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).  To state a claim under Section 1983, a plaintiff must allege (1) "the challenged

conduct was attributable to a person who was acting under color of state law," and (2) "the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09 Civ. 5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

Plaintiff appears to allege violation of the Eighth Amendment pursuant to Section 1983. Defendants seek dismissal of this claim, arguing that Plaintiff has failed to state a claim for *Monell* liability and for deliberate indifference under the Eighth Amendment. (Defs. Mot. at 3–10.)

### a. *Monell* Liability

Defendants contend that Plaintiff has failed to state a claim for municipality liability pursuant to *Monell v. Dep't of Soc. Servs. Of City New* York, 436 U.S. 658 (1978), and its progeny. (Defs. Mot. at 3.)

Municipalities may only be held liable under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy. In addition, local governments, like every other § 1983 'person,' may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through the government's official decision-making channels." *Monell*, 436 U.S. at 659. Courts in the Second Circuit apply a two-prong test for Section 1983 claims brought against a municipality. *See Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (citation omitted). First, the plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer." *Id.* (citation omitted). Second, the plaintiff must establish a "'direct causal link between a municipal policy or custom and the alleged

constitutional deprivation.'" *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

To satisfy the first requirement, a plaintiff must prove the existence of: (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (internal citations and quotation marks omitted); *see also Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (collecting cases).

The Amended Complaint does not allege any municipal policy, custom, or widespread practice that resulted in denial of Plaintiff's mental health treatment.  Plaintiff only makes allegations regarding his single interaction with Defendant Williams on April 2, 2020 and the Department of Mental Health's subsequent denial of treatment pursuant to Plaintiff's attorney's request.  Plaintiff alleges he was denied mental health treatment for ten months and was told it was because he had not received mental health treatment prior to incarceration.  (Am. Compl. at 4.) Plaintiff does not otherwise allege that Defendants have a practice of denying mental health treatment to other inmates or any other policy or practice that resulted in his denial of mental health service.  Pointing out a single instance of alleged misconduct is insufficient to establish a custom or policy by the municipality.  *See Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y.

2008).  Since Plaintiff has failed the first requirement under *Monell*, he has not sufficiently alleged municipality liability.

### b. Deliberate Indifference

Plaintiff's Section 1983 claim also fails because he has not adequately pled a deliberate indifference claim.  Construing the Amended Complaint liberally, Plaintiff alleges a violation of the Eighth Amendment pursuant to Section 1983 for conditions of confinement.  (*See* Am. Compl.) The Constitution requires prison officials to "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  An inmate's claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To set forth a Section 1983 claim for conditions of confinement, a plaintiff must show that an individual "acted with deliberate indifference to the challenged conditions."  *Sanders v. City of New York*, No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018).  This deliberate indifference test contains an objective prong and a subjective prong.  *Darnell*, 849 F.3d at 29.  The objective prong requires that the deprivation at issue be "in objective terms, sufficiently serious."  *Simmons v. Mason*, No. 17-CV-8886 (KMK), 2019 WL 4525613, at *9 (S.D.N.Y. Sept. 18, 2019).  The subjective prong requires the plaintiff to show that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference."  *Farmer*, 511 U.S. at 837.

The Court recognizes that mental health is a very serious matter.  Plaintiff alleges that his incarceration had played a part in his mental health "deteriorating" and that he experienced anxiety,

trouble sleeping, trouble eating, and talking to himself.  (Am. Compl. at 4–5.)  To meet the objective prong of the deliberate indifference test, Plaintiff needs to allege facts to demonstrate his mental health need or condition is a "serious one."  *Baltas v. Erfe*, No. 3:19CV1820 (MPS), 2020 WL 1915017, at *18 (D. Conn. Apr. 20, 2020) (citing *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003)).  In determining whether a condition is serious, courts consider whether "a reasonable doctor or patient would find it important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether the condition causes "chronic and substantial pain."  *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). Although this is a close call, the Court finds that Plaintiff's allegations of his mental health difficulties show that they are sufficiently serious to affect his daily activities.[3]  Plaintiff alleges he "can't sleep at night," "can't eat," experiences anxiety, talks to himself, and that he is losing weight and making himself throw up at times. (Am. Compl. at 5.)  However, Plaintiff's allegations do not meet the subjective prong of the deliberate indifference test because there is no allegation that Defendants knew of and disregarded a risk of serious harm.  Plaintiff alleges he spoke with Defendant Williams about having "severe difficulty" with mental health, and the Amended Complaint includes a report from Sgt. Vincent Murphy who noted Plaintiff "stated he was having bad anxiety" and that Defendant Williams informed Sgt. Murphy that Plaintiff does not have a history of mental health issues.  (*Id*. at 4, 7.)  Without more, Plaintiff has not sufficiently alleged that Defendants were "actually aware of a substantial risk that serious inmate harm will result." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014).  "Nor does a difference of opinion between a

---

[3] Defendants argue Plaintiff has never been diagnosed with or taken medication for depression. (Defs. Mot. at 7.)  As support, Defendants point to a report from a forensic psychologist attached to Plaintiff's first Complaint, which stated that Plaintiff has not reported any previous contacts with mental health professionals and has denied having hallucinations or suicidal thoughts.  (*Id.*; *see* ECF No. 1.)  This report was not included in Plaintiff's operative Amended Complaint.

medical provider and an inmate regarding a diagnosis or appropriate medical treatment rise to the level of deliberate indifference." *See also Baltas*, 2020 WL 1915017, at 19.

Accordingly, Plaintiff's Section 1983 claim against all Defendants is dismissed without prejudice.

## II.    State Law Claims

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  With the dismissal of Plaintiff's Section 1983 claim against all Defendants, there remains no independent jurisdictional basis for his remaining state law claims, if any.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").  In addition, where the federal claims are dismissed at an early stage in the litigation, the Second Circuit has generally held that it is inappropriate for the district court to exercise supplemental jurisdiction.  *See, e.g.*, *Giordano v. City of New York*, 274 F.3d 740, 754–55 (2d Cir. 2001); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998); *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991).

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, if any, against Defendants.

## III.    *Habeas Corpus* Relief

Plaintiff requests a transfer to a federal facility that can accommodate his mental health needs.  (Am. Compl. at 5.)  Defendants represent that Plaintiff was transferred to another facility

on November 9, 2020, where Plaintiff is currently incarcerated.  (Defs. Mot. at 3.)  Accordingly, the Court finds that Plaintiff's request for a transfer under *habeas corpus* is now moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff is granted leave to file a Second Amended Complaint.  If he chooses to do so, Plaintiff will have until May 27, 2022 to file a Second Amended Complaint consistent with this Opinion and Order. Plaintiff is advised that the Second Amended Complaint will replace, not supplement, his Amended Complaint, so any claims he wants to pursue must be included in or attached to the Second Amended Complaint.  An Amended Civil Rights Complaint Form is attached to this Order. Defendants are then directed to answer or otherwise respond by June 27, 2022.  If Plaintiff fails to file a Second Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, the claims dismissed without prejudice by this order will be deemed dismissed with prejudice.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26 and to terminate the duplicate motion at ECF No. 27.  The Clerk of Court is further directed to mail a copy of this Opinion & Order to Plaintiff at his address listed on ECF.

Dated:    March 28, 2022                                    SO ORDERED:
          White Plains, New York

                                            _____
                                                  NELSON S. ROMÁN
                                               United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |
| Prison Address | | |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____